```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MARYLAND
```

TODD SNYDER, ESQUIRE           *

        Plaintiff       *

        vs.             *   CIVIL ACTION NO. MJG-13-3595

DAVID P. WILSON, et al.        *

        Defendants      *

\*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM AND ORDER RE: ENFORCEABILITY OF SUBPOENA

The Court has before it Plaintiff/Counter-Defendant's Motion to Declare Unenforceable Subpoena to Counsel [Document 24][1] and the materials submitted relating thereto. The Court has held a hearing and has had the benefit of the arguments of counsel.

I. BACKGROUND

In August 2012, David and Jeanette Wilson (the "Wilsons") initiated an arbitration case before the Financial Industry Regulatory Authority ("FINRA") concerning claims against their financial advisor, Robin Tom Naylor, a now-defunct broker-

---

[1] In the Initial Scheduling Order, "[t]he Court deem[ed] the parties to have asserted cross-motions for summary judgment, presenting the question whether the Court should decline to enforce the subpoena at issue." [Document 22]. These motions are deemed resolved by the instant Order.

dealer, Pacific West Securities, Inc., and other respondents. The arbitration is proceeding in Seattle, Washington.

On June 12, 2013, upon the Wilsons' request, the FINRA arbitration panel issued a discovery subpoena duces tecum (the "Subpoena") to Todd Snyder, a Maryland lawyer, and his law firm (collectively "Snyder") requiring production of certain documents allegedly relevant[2] to the arbitration proceeding. The Subpoena purports to require Snyder, a non-party to the FINRA arbitration, to produce the documents at the offices of counsel for the Wilsons in San Diego, California.

Snyder filed the instant lawsuit seeking, among other things, a Judgment declaring that the Court will not enforce the Subpoena. Both sides seek summary judgment, and no party contends that there is a genuine issue of material fact regarding the question of whether the arbitrators had the authority to issue the Subpoena at issue, i. e. a subpoena for the purpose of discovery rather than for the presentation of evidence at a hearing.

For the reasons stated on the record of proceedings held Thursday, March 27, 2014, as supplemented herein, the Court holds that it shall not enforce the Subpoena.

---

[2] Snyder denies the relevancy of the documents, makes various other allegations regarding the scope and intent of the Subpoena, and presents privilege claims on behalf of his clients. These issues are not reached by the instant decision.

II. DISCUSSION

The Court assumes, without deciding,[3] that the Subpoena was issued pursuant to the authority provided by the Federal Arbitration Act ("FAA").

In COMSAT Corp. v. National Science Foundation, the United States Court of Appeals for the Fourth Circuit stated that "[n]owhere does the FAA grant an arbitrator the authority to order non-parties to appear at depositions, or the authority to demand that non-parties provide the litigating parties with documents during pre-hearing discovery." 190 F.3d 269, 275 (4th Cir. 1999).

Reasoning that Section 7 of the FAA does not provide an arbitrator with subpoena authority that is coextensive with a federal court's subpoena authority, the COMSAT court concluded that Section 7 "does not expand the arbitrator's subpoena authority, which remains simply the power to compel non-parties to appear before the arbitration tribunal." Id. at 275-76. The COMSAT court also stated that "a party might, under unusual circumstances, petition the district court to compel pre-arbitration discovery upon a showing of special need or

---

[3] The Subpoena does not state that it is issued pursuant to the Federal Arbitration Act ("FAA"). Rather, it states that it was issued pursuant to Washington state law. The Court will, however, assume that the arbitrators intended to utilize the authority provided by the FAA and that the Subpoena is therefore subject to the terms of the FAA when issues regarding its enforceability come before a federal district court.

hardship." Id. at 276.  Query whether, in the instant case, the district court to be petitioned would be the court having jurisdiction over the place of arbitration or over the non-party witness.  In any event, there has been no such petition in regard to the Subpoena.

By virtue of the COMSAT decision, the Court holds that it does not have the authority to enforce the Subpoena.

III. CONCLUSION

For the foregoing reasons:

1. Plaintiff/Counter-Defendant's Motion to Declare Unenforceable Subpoena to Counsel [Document 24] is GRANTED.

2. This action is without prejudice to the rights of the parties hereto with regard to any other subpoena that may be, or has been,[4] issued in the pending arbitration proceeding.

3. Judgment shall be entered by separate Order.

SO ORDERED, on Monday, March 31, 2014.

/s/
Marvin J. Garbis
United States District Judge

---

[4] A second subpoena, dated February 14, 2014, purports to require Snyder to appear in Seattle, Washington at a FINRA hearing to testify and produce documents.  Snyder has yet to be served with this second subpoena.